**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX



RECEIVED SEP 13 2012 CHAMBERS OF JUDGE ROBERT P. PATTERSON

SEAN K. KENNEDY
*Federal Public Defender*

MARK R. DROZDOWSKI
*Supervising Attorney*
*Capital Habeas Unit*

BRIAN M. POMERANTZ
*Assistant Federal Public Defender*
Direct Dial: (213) 894-8859

**MEMO ENDORSED**

September 12, 2012

The Honorable Robert P. Patterson
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 24A
New York, NY 10007-1312
FAX: (212) 805-7917

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/12

Re: *Taylor v. CBS Broadcasting Inc.*, Case No. 1:12-mc-00284-P1;
Sur-Reply in Support of Partial Opposition to Application to Revise Briefing Schedule

Dear Judge Patterson,

Petitioner Von Taylor ("Mr. Taylor") submits this sur-reply to Respondent CBS Broadcasting Inc.'s ("CBS") reply filed on September 12, 2012.

**Mr. Taylor Has Consistently Sought to Avoid Delay in His Federal Habeas and Would Be Prejudiced by CBS's Proposed Delay**

At the heart of CBS's reply is the argument that postponement does not prejudice Mr. Taylor because he has consistently delayed his habeas pleadings and misled this Court by his contention that he has repeatedly sought to avoid delay. CBS's implication that Mr. Taylor has delayed the federal habeas is patently false. It is true that Mr. Taylor took more than six months to file the motion to compel before this Court. That is because Mr. Taylor was litigating his habeas proceedings without delays. CBS served objections on January 20, 2012. The Utah Supreme Court denied Mr. Taylor's state habeas petition on January 24, 2012. That decision triggered two filings for Mr. Taylor: an amended federal petition for writ of habeas corpus and a petition for writ of certiorari regarding the Utah Supreme Court's decision. The petition for writ of certiorari was due on April 23, 2012, and was filed by Mr. Taylor on that date without extension. Certainly, Mr. Taylor could have requested up to 60 additional days pursuant to United States Supreme Court Rule 13.5, but Mr. Taylor is committed to avoiding delays.

The Honorable Robert P. Patterson
September 12, 2012
Page 2

    CBS supports its argument by citing to three docket items in the footnotes on page 2 of CBS's reply. CBS contends that Mr. Taylor delayed because he "sought and received 'over nine and one-half months to prepare and twice amend his petition' and then sought additional time beyond that." (Reply at 2.) The implication that Mr. Taylor delayed because he filed three petitions in a total of nine and one-half months is ludicrous. First, not even the State's extension motion, where CBS derived the quote, alleges delay. Second, Mr. Taylor had a statutory deadline which he met without delay. In fact, Mr. Taylor's first petition was filed two months before it was statutorily due pursuant to 28 U.S.C. section 2254. Mr. Taylor's first amended petition was also filed before the statutory deadline. As to the filing of the second amended petition, that pleading was scheduled to be filed "within 30 days of the final denial of the state petition, if the state petition is denied," pursuant to the case management schedule adopted by the Utah District Court. (See Utah Docket No. 27.) Subsequent to the state petition being denied, it became clear that the parties held a different view of what constituted the final denial and a status conference was held on February 21, 2012, for clarification. CBS has distorted the confusion over that deadline into the false implication to this Court that Mr. Taylor sought a delay in filing the second amended petition. In fact, Mr. Taylor's counsel repeatedly sought to avoid delays in that status conference:

> I think that the question here is really, your Honor, and this is why I requested a status conference, what did you have in mind when we said 30 days? Because I think at the end it doesn't matter what I thought, it doesn't matter what respondent thought, it's what you thought, and whatever that is is what we'll do.

February 21, 2012, Transcript, at 6.

> The state has talked in their pleadings about finality, and we want finality. We believe that the final decision of this court is going to be to give relief to Mr. Taylor. We do not want to delay that.

February 21, 2012, Transcript, at 7.

    Later confronted with a question regarding when the amended petition would be due if the 30 days began with the Utah Supreme Court's decision, Mr. Taylor's counsel explained that the petition would be due in two days:

> Obviously do I need more than two more days to finish the petition? Your honor, more than two more days would be wonderful. It will not be where I would want it to be in two days, but if the court orders that it's due in two days, I'll file it in two days. I'm not going to seek an extension of time because I am not trying to delay. I think here the question for us is not delay. It's a question of what makes sense.

February 21, 2012, Transcript, at 9.

The Honorable Robert P. Patterson
September 12, 2012
Page 3

Finally, Petitioner's counsel told the Utah District Court:

> I'm quite happy to pledge not to seek extensions on the traverse, and if the state wants to do the same with their answer or their motion to dismiss. We are not here to stall.

February 21, 2012, Transcript, at 11.

When the Utah District Court then set the filing of the second amended petition for June 1, 2012, Mr. Taylor, true to his word, sought no delay and timely filed the second amended petition on that date, with no extensions. (Utah Docket No. 84.)[1]

CBS's further claim that "[i]n the State court habeas proceedings that preceded his federal action, Petitioner likewise sought and received multiple extensions of filing deadlines," is equally specious. (Reply at 2, citing to Docket #42 [sic][2] (Status Report).) Contrary to CBS's contention, the status report indicates a single extension sought by Mr. Taylor, not multiple. It does evidence multiple extensions by the State. As to Mr. Taylor's one extension, it was sought by the Utah Federal Public Defender's Office, which no longer handles the case. Mr. Taylor's present counsel neither sought that extension, nor did he file the pleading that followed that extension request.

Thus, CBS's conclusion that Mr. Taylor would not be prejudiced because "of his actual conduct" in the underlying habeas proceedings, is not based on the actual record. As the actual record makes clear, Mr. Taylor's actual conduct unequivocally supports prejudice to Mr. Taylor by CBS's proposed delay.

### Some of CBS's Statements May Inadvertently Be Misleading

In stating that "Petitioner now contends that the information he seeks from CBS is relevant

---

[1] The delay in filing the instant motion to compel was thus occasioned by the preference Mr. Taylor placed on making sure that the underlying habeas was not delayed. A large portion of the time between the filing of Mr. Taylor's amended petition on June 1, 2012, and the attempted filing of the motion to compel on August 9, 2012, was consumed by another capital petition for writ of certiorari in an end-stage case handled by Mr. Taylor's counsel (which had utilized the full 60 days of permissible extensions) and Petitioner's counsel's preparation for a large evidentiary hearing in another case. Mr. Taylor's counsel filed the motion to compel as quickly as possible. Indeed, other matters were subsequently put off so that the instant matter could proceed and conclude prior to future pleadings in Utah by Mr. Taylor.

[2] Utah Docket No. 42 is a notice of change of attorney information, CBS presumably means Utah Docket No. 48, which is a status report.

The Honorable Robert P. Patterson
September 12, 2012
Page 4

to his claim . . . that he is 'actually innocent' of the crime for which he was convicted" (Reply at 1), CBS implies that Mr. Taylor has altered his argument in response to its application for an extension. The motion to compel before this Court repeatedly references the import of the sought after materials to Mr. Taylor's claim of innocence. It is one of the fundamental issues in the motion to compel.

Next, CBS misstates what the State's counsel, Thomas Brunker, previously told Mr. Taylor's counsel. Mr. Brunker previously stated that he intended to file a "comprehensive response in the nature of a motion to dismiss." Today, he has said that he intends to file a pleading that is more akin to an answer with procedural defenses. These are not the same, but nevertheless, it does not change the fact that the State's pleading will still encompass procedural defenses, rendering the materials sought relevant for the reasons previously articulated by Mr. Taylor in his partial opposition.

### The Invocation of Procedural Defenses By the State Renders the Materials Sought By the Motion Relevant

CBS still appears to misunderstand habeas litigation, as it supports its further argument regarding the "of likely relevance" inquiry under *Gonzales v. NBC*, 194 F.3d 29 (2d Cir. 1999), by stating that "Petitioner concedes as much, acknowledging that the State's submission 'will aid this Court in determining the motion to compel.' (pet. Ltr. at 3.)" (Reply at 1.) Mr. Taylor has already explained that no wait is necessary because once the State invokes procedural defenses, any evidence related to Mr. Taylor's innocence or lack thereof is relevant to the Utah District Court's determination. Because CBS agrees that the State's pleading will address procedural issues, this Court already knows everything pertinent to determining relevance.

Likewise, CBS's contention that "these extra-record outtakes" raise "the same threshold evidentiary issues as the State's pending motion to strike," is false. (Reply at 2.) CBS's assertion is supported by no argument countering Mr. Taylor's explanation of the differences between evidence in support of procedural defenses and evidence supporting the merits of a claim. That is because the two are separate and distinct in habeas litigation.

### CBS's Proposed Extension Is a Slippery Slope That Threatens to Halt Proceedings

CBS tries to allay the harm to Mr. Taylor by representing that "Mr. Brunker, the State's counsel, has represented to us that he will not oppose an extension of time for Petitioner to reply to the State's filing in order to accommodate disposition of this motion to compel." (Reply at 2.) In today's conversation, Mr. Brunker told Mr. Taylor's counsel that he would not oppose a reasonable extension, but he did not agree that he would wait indefinitely for the matter before this Court to be resolved. While the State's offer is generous, it raises a Catch-22. CBS posits that the State's next pleading will materially assist this Court in determining the motion to compel. That is false. However, if it were true that the State's future pleading would assist this Court, then surely so would Mr. Taylor's response to that pleading. But the very purpose of filing the motion to compel at this stage of the Utah proceedings is because the materials in CBS's possession are relevant not only to that pleading, but also the rest of the case. Thus, Mr. Taylor would be severely prejudiced in

The Honorable Robert P. Patterson
September 12, 2012
Page 5

responding to the State's pleading without the benefit of the sought after materials. That potential gridlock is entirely avoidable because the potential relevance of those materials is already apparent.

### Conclusion

The last issue is the Honorable Tena Campbell's finding of good cause. (Reply at 2-3.) CBS's multiple cites to the Utah docket make it clear that CBS has already spent a substantial amount of time familiarizing itself with the underlying case; therefore, it must be aware of Utah Docket No. 80, unsealing the Utah District Court's Order of January 6, 2012. Nonetheless, CBS cites to what the docket does not reflect rather than what it does: the fact that there were under seal proceedings that related to the finding of good cause. Mr. Taylor cannot substantively address those under seal proceedings, other than to note that Judge Campbell, a United States District Court Judge, made a finding of good cause and endorsed discovery based on those proceedings. CBS's speculation to the contrary is entirely without merit.

For the reasons articulated herein, as well as in the partial opposition, CBS's application should be denied.

Respectfully,

*[signature]*

Brian M. Pomerantz
Assistant Federal Public Defender

cc: Alia L. Smith, counsel for CBS
Fax: (202) 861-9888

*[handwritten note: No application to file a sur-reply war [?] operated in this case. So ordered. Robert P. Patterson, USDJ]*

*See attached typewritten Memo Endorsement*

Case:        Taylor v. CBS Broadcasting Inc.
Index No.:   12 mc 284 (P1)

**MEMO ENDORESMENT READS:**

**The application to file a sur-reply was not granted in this case.**

**So ordered.**

*Robert P. Patterson, Jr., U.S.D.J.*